UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WOODY CARSON, | ) |
| Plaintiff, | ) ) ) Civil No. 13-94-GFVT |
| V. | ) ) |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | ) **MEMORANDUM OPINION** ) **&** ) **ORDER** ) ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Woody Carson's Motion for Attorney's Fees [R. 20] pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). In the Motion, counsel for Carson asks the Court to approve an hourly rate of $165 and a total amount of $5,164.50 in attorney's fees given cost of living increases since the enactment of the EAJA. [*Id*.] The Commissioner objects to the hourly rate proposed by counsel and argues that Carson has not demonstrated that his requested rate is in line with the "prevailing market rate" in this division. [R. 23]. The Court granted Plaintiff's motion for a hearing on this issue, and telephonic oral argument was heard on August 25, 2015. [R. 33]. During the hearing, it came to light that Plaintiff's Reply, which contained substantive points that he relied upon during oral argument, had been inadvertently mis-docketed. [*Id.*] Pursuant to this Court's Order, the correct Reply was substituted, [*id.*], and has now been considered by the Court. For the reasons set forth below, the motion will be GRANTED in part and DENIED in part.

I

Under the EAJA, the amount of attorney's fees awarded

> . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The Act therefore "sets a ceiling for attorney's fees of $125 per hour, which may be adjusted for cost of living increases or a 'special factor.'" *Justice v. Colvin*, No. CIV.A. 5:14-286-DCR, 2015 WL 4529118, at *1 (E.D. Ky. July 27, 2015). To justify any award above the $125 statutory cap, however, "a plaintiff [first] must show that the 'prevailing market rate' in the relevant legal community has exceeded the cap." *Lay v. Astrue*, No. CIV.A. 10-346-DLB, 2012 WL 5988822, *4 (E.D. Ky. Nov. 29, 2012) (citing *Bryant v. Comm'r of Social Sec.,* 578 F.3d 443, 450 (6th Cir. 2009); *Kalar v. Astrue,* No. 10–428–JBC, 2012 WL 2873815, *2 (E.D. Ky. July 13, 2012)). To make this showing, a plaintiff must produce "satisfactory evidence" that his "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Importantly, in assessing the prevailing rate, "a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, *as well as* take judicial notice of the historical fee reimbursement rate in the district." *Page v. Astrue*, No. CIV.A. 09-210-GWU, 2011 WL 2560265, *1 (E.D. Ky. June 28, 2011) (citations omitted). "The relevant community, although a somewhat fluid concept, has been defined as the same metropolitan area as the one in which the case was brought." *Kalar*, 2012 WL 2873815, at *1 (citing *Chipman v. Sec'y of Health & Hum. Servs.,* 781 F.2d 545, 547 (6th Cir. 1986)). It is the local prevailing rate – "rather

2

than [out-of-state] counsel's typical charge for work performed within a geographical area wherein he maintains his office and/or normally practices" – that governs the analysis. *Trammell v. Colvin*, No. 2:12-CV-38-JMH, 2013 WL 1856415, at *1 (E.D. Ky. Apr. 30, 2013) (quoting *Adcock–Ladd v. Sec'y of Treasury,* 227 F.3d 343 (6th Cir. 2000)).

"If a plaintiff cannot make this showing, the district court need not consider whether the cost of living may have increased since the EAJA became law." *Lay*, 2012 WL 5988822, at *4; *see also, e.g.*, *Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 200 (6th Cir. 1992); *Kalar*, 2012 WL 2873815, *2 (treating the prevailing market rate as a "threshold issue"); *Wilcox v. Astrue,* No. 09–426–KSF; 2011 WL 6742955 at *3 (E.D. Ky. Dec. 23, 2011) ("[T]his Court has consistently required a showing that the prevailing market rate is higher than the statutory cap under EAJA, not just a showing that the cost of living has increased since the EAJA was enacted.").

A

Plaintiff's counsel requests an hourly rate of $165.00 based on cost of living increases and a special factor. Before the Court can reach those bases, it must first consider whether Plaintiff has established that the "prevailing market rate" in the Central Division of this Court exceeds the $125 statutory cap.

First, Plaintiff has submitted a 2013 Department of Labor Consumer Price Index report and calculations for the greater Cincinnati, Ohio, area, [R. 20-1, 20-2][1]; declarations from two attorneys who practice disability law in various federal districts across the country, but outside

---

[1] The report specifically indicates that the "Cincinnati-Hamilton, Ohio-Ky.-Ind. consolidated area" to which the report applies is limited to "Dearborn and Ohio Counties in Indiana; *Boone, Campbell, Gallatin, Grant, Kenton, and Pendleton Counties in Kentucky*; and Brown, Butler, Clermont, Hamilton and Warren Counties in Ohio." [R. 20-1 at 2 (emphasis added)]. All of those counties are located in the Northern Division of this district – not the Central Division in which this case finds its venue. LR 3.1(a)(1).

3

this District, [R. 20-4, 20-5]; and the EAJA rates for the Ninth Circuit, New Mexico, and Oklahoma, [R. 20-6, 20-7]. This nation-wide evidence, however, does little to show that the "prevailing market rate" in the Central Division of the Eastern District of Kentucky where this appeal finds its venue exceeds $125.00 per hour.

Plaintiff identifies one social security case from this district permitting a fee of $165.00. *Stephens v. Astrue*, 2011 WL 2446451 (E.D. Ky. 2011). *Stephens*, however, was a case arising in the Northern Division-Covington area. Based on an article and study provided by the plaintiff that reported hourly billing rates at firms in the greater Cincinnati area, Judge Coffman determined that the $165 hourly rate was "in line with the prevailing rates in the Cincinnati, Ohio, community." *Id.* at *1. The greater Cincinnati area, however, is not the "same metropolitan community" as the greater Lexington, Kentucky, area that the Central Division encompasses, and market rates are, not surprisingly, different in both locales. *Accord Cox v. Astrue*, 917 F. Supp. 2d 659 (E.D. Ky. 2013) (Central Division at Frankfort) (declining to follow a Western District of Kentucky Louisville-based decision awarding excess fees).

Citing data from a Cincinnati newspaper article and a national survey much like that offered in *Stephens*, Plaintiff's corrected Reply also notes that the average hourly rates for partners and associates in the Lexington area, as well as large and small firm rates, all exceed $200.00. [Pl.'s Reply, R. 25 at 3-4]. A review of the cited websites reveals that this data is not specific to social security cases, but reflects the average hourly rates for practitioners of *all types* in this region. The statute specifically provides that the "prevailing market rate" is to be ascertained with reference to "the *kind* and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). There is no indication, however, that the general private

4

practice rates cited by Plaintiff reflect "the prevailing market rate for competent representation in *social security cases* in the [Central] Division of the Eastern District of Kentucky." *Wilcox*, WL 6742955, at *3 (emphasis added); *see also Bryant*, 578 F.3d at 450 (requiring the plaintiff to show that requested rates are in line with those prevailing in the community *for similar services* by lawyers of reasonably comparable skill, experience, and reputation." (emphasis added)); *Brauntz v. Astrue*, 2013 WL 28065 (E.D. Ky. 2013) (Coffman, J.) (finding that a very similar survey reported in a Cincinnati Bar Association journal article regarding general private practice rates in the area "[did] not establish that lawyers *practicing in the Social Security disability field* in the Northern Division of Kentucky are receiving such levels of compensation" (emphasis added)).

Whatever the general private practice rates may be, the "historical fee reimbursement rate in the district" is also quite relevant in this analysis. *Page*, 2011 WL 2560265, at *1. Judges in the Central Division of the Eastern District of Kentucky have consistently awarded a market rate of $125.00 per hour. *Justice*, 2015 WL 4529118; *Hall v. Colvin*, Lexington No.13-20-JMH, 2015 WL 1585081 (E.D. Ky. April 9, 2015); *Lay*, 2012 WL 5988822, at *4; *Kalar*, 2012 WL 2873815, at *1; *Page*, 2011 WL 2560265, at *2. Indeed, cases across the entire district generally hold that the statutory $125.00 rate is the prevailing market rate for this area. *Trammell*, 2013 WL 1856415, at *2 ("[T]he overwhelming majority of district courts have continued to affirm that $125.00 is still the appropriate prevailing market rate in the Eastern District of Kentucky."); *e.g.*, *Brauntz*, Covington 11-102-JBC, 2013 WL 28065. In light of these historical rates, and because Plaintiff has not shown that the "prevailing market rate" for social security appeals in the Central Division of this Court exceeds the statutory cap of $125.00 per hour, the Court need

5

not consider the issue of cost-of-living increases.  *See Kalar*, 2012 WL 2873815, at *2.

B

Plaintiff's counsel also argues that his case presents a "special factor" warranting excess fees.  He points to his qualifications and the fact that he accepted this case after the non-attorney representative who handled the case below "could not find another attorney willing to work with her given her non-attorney status."  [Decl. of David F. Chermol, Esq., R. 20-3 at ¶ 5].

The Court, first, does not doubt that Mr. Chermol is a highly qualified Social Security appellate practitioner.  Plaintiff does not argue, however, that this appeal involved a novel issue, expertise, or specialized knowledge, which can sometimes warrant an excess fee.  *See, e.g.*, *Watts v. Social Sec. Admin.*, Frankfort Civil Action No. 02-34-JMH (E.D. Ky. Jan. 24, 2003). He has not cited, and the Court cannot find, Sixth Circuit authority for the notion that high qualifications alone, without any indication of novel or specialized issues, warrant a special factor increase.

During oral argument, Plaintiff's counsel pointed to *Page v. Astrue*, in which this Court suggested that an increased fee might be warranted when an out-of-state attorney accepts a case from a non-attorney representative who could not find local counsel willing to take her case. 2011 WL 2560265, at *2.  But the *Page* Court's suggestion turned on whether the Plaintiff could offer affirmative "evidence that non-attorney representatives have difficulty finding members of the Kentucky bar who will accept referral of Social Security appeals."  *Id.*  Although the court gave the plaintiff in *Page* an opportunity to provide an affidavit to this effect from local counsel, no such evidence was submitted, and the court found that the plaintiff failed to satisfy his burden of proving the presence of a special factor.  *Id.*; *see also Kalar*, 2012 WL 2873815, at *2

(declining to find a special factor increase "in the absence of a threshold showing of a shortage of attorneys"). The same is true here. Much like the plaintiff in *Page*, Plaintiff's counsel states in his own affidavit that the non-attorney representative contacted him because no other attorney was willing to accept her appeal. *See Page*, 2011 WL 2560265, at *2. But he has provided no documentary evidence showing a shortage of attorneys with similar skill and expertise who could have handled this case, *Kalar*, 2012 WL 2873815, at *2, nor any "evidence that non-attorney representatives have difficulty finding members of the Kentucky bar who will accept referral of Social Security appeals," *Page*, 2011 WL 2560265, at *2. Absent this showing, the statutory cap must remain.

The Court will therefore award attorney's fees pursuant to the EAJA in the amount of $3,912.50 (31.3 hours times $125.00 per hour). In conformity with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the record does not reflect that Plaintiff attempted to assign EAJA fees to his counsel. [*Accord* Comm'r Resp., R. 23 at 5]. As such, these fees shall be awarded to Carson, not his attorney, and are subject to a government offset to satisfy any pre-existing debt that Carson may owe to the United States.

## II

Accordingly, **it is hereby ORDERED** as follows:

1. The Motion for Attorney's Fees [R. 20] is **GRANTED in part and DENIED in part**;
2. Plaintiff Woody Carson is awarded $3,912.50 in attorney's fees;
3. The Motion for an Extension of Time to File a Reply [R. 24] is **DENIED as moot**; and
4. The Motion for Leave to File a Sur-Reply [R. 29] is **GRANTED**.

This the 8th day of September, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

8